UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**GARY WAYNE BAUCOM, Jr.**                                                                                  **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 5:17-CV-P11-TBR**

**KENTUCKY DEPT. OF CORRECTIONS et al.**                                                  **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Gary Wayne Baucom, Jr., proceeding *pro se* and *in forma pauperis*, initiated this civil action by filing a complaint.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following reasons, the complaint will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff, who is currently incarcerated in Indiana, sues the Kentucky Department of Corrections (KDOC) and Doug Sapp, former Commissioner of KDOC.  He states that he brings this action pursuant to 42 U.S.C. § 1983.  He alleges that from 1998 to 2003, during which time he was confined within the KDOC, he was denied adequate mental health care in violation of the Eighth and Fourteenth Amendments.  He also alleges that Defendants' failure to provide non-segregated and non-isolated confinement and additional treatment as "a reasonable accommodation to prevent confinement conditions which exacerbate [his] mental illness" violated the Rehabilitation Act and the AmericanS with Disabilities Act (ADA).  He states that he suffers from schizophrenia, paranoid disorder and hearing voices.  Plaintiff states, "Segregated, isolated confinement, and suicide attempts left me subjected to being placed in

'hobbles' chained to a steel bunk, and beat as a result of my mental illness and isolated confinement."

As relief, Plaintiff asks the Court to certify this case as a class action for "all current and future mentally ill inmates" in KDOC. He also asks for declaratory and injunctive relief, as well as compensatory and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Request to certify as a class action*

Under Rule 23 of the Federal Rules of Civil Procedure, four prerequisites exist for class certification: 1) the class must be so numerous that joinder of all members is impracticable;

2) common questions of law or fact must be present among the class; 3) the claims of the representative party must be typical of the class; and 4) the representative party must be able to protect fairly and adequately the interests of the class.  Fed. R. Civ. P. 23(a); *see, e.g.*, *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000).  "In this case, no representative party [i]s available because *pro se* prisoners are not able to represent fairly the class."  *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).  Thus, the Court declines to certify this case as a class action.

***Statute of limitations***

According to the complaint, Defendants' alleged violations of § 1983, the ADA, and the Rehabilitation Act occurred between 1998 to 2003.  The instant action was not filed until 2017.

State statutes of limitations for personal injuries govern claims brought under § 1983, the ADA, and the Rehabilitation Act.  *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Lewis v. Fayette Cty. Det. Ctr.*, No. 99-5538, 2000 WL 556132, at *2 (6th Cir. Apr. 28, 2000); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).  In Kentucky, the applicable limitations period is one year.  Ky. Rev. Stat. § 413.140(1)(a).  "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence."  *Collard*, 896 F.2d at 183 (internal quotation marks and citation omitted).  Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint.  *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Thus, Plaintiff's claims arising under § 1983, the ADA, and the Rehabilitation Act are subject to the one-year statute of limitations. That limitations period expired more than a decade before Plaintiff filed the instant action.

Accordingly, Plaintiff's claims must be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date:


cc:     Plaintiff, *pro se*
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009